**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Renee Chor, | Civil Action No.: ____ |
| Plaintiff, | |
| v. | |
| Redline Recovery Services L.L.C.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

**09 CA 12061 DPW**

For this Complaint, the Plaintiff, Renee Chor, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff, Renee Chor (hereinafter "Plaintiff"), is an adult individual residing in Middleboro, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Redline Recovery Services L.L.C. (hereinafter "Redline"), is a Georgia business entity with an address of 11675 Rainwater Drive, Suite 350, Alpharetta, Georgia 30009,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §
1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Redline and
whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be
joined as parties once their identities are disclosed through discovery.

7.      Redline at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $1,300
(the "Debt") to Sears (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for
family, personal or household purposes and which meets the definition of a "debt" under 15
U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Redline for collection, or
Redline was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in
"communications" as defined in 15 U.S.C. § 1692a(2).

### B. Redline Engages in Harassment and Abusive Tactics

12.     The Defendants telephoned the Plaintiff up to six times per day.

13.     One of the Collectors, who identified himself as Chris Koslowski, screamed at the
Plaintiff and said, "You're a deadbeat!"

14.     The Defendants threatened to garnish the Plaintiff's wages.

2

15.     The Defendants sometimes made telephone calls without disclosing the identity of the collection agency.

16.     Renee told the Defendants to stop calling her, but they continued to do so.

17.     The Defendants also contacted the Plaintiff's neighbors regarding the Debt.

18.     In addition, the Defendants telephoned the Plaintiff's father-in-law almost every day, and as often as three times per day, despite already having the Plaintiff's contact information.

19.     In telephone conversations with the Plaintiff's father-in-law, the Collector again identified himself as Chris Koslowski. The Collector said he was looking for the Plaintiff regarding a debt that she owed.

## C. **Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

Case 1:09-cv-12161-DPW   Document 1   Filed 12/18/09   Page 4 of 8

24.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that the Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that the Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that the Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

27.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that the Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with garnishment if the debt was not paid.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

4

## COUNT II

## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Defendants employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

36. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Massachusetts state law.

40. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with constant telephone calls and by repeatedly discussing the Debt with third parties.

5

41.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

42.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

44.     All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

46.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

47.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

6

48.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 10, 2009

Respectfully submitted,

By _____

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff

8